IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DESEAN WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-154-M |
| | § | |
| BARRY LOPEZ and BARRY'S | § | |
| AUTOMOTIVE & WRECKER SERVICE, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion to Vacate Default Judgment [Docket Entry #16]. For the reasons explained below, the Motion is **DENIED**.

    I.    BACKGROUND AND PROCEDURAL HISTORY

On January 28, 2010, Willis filed an action against Defendants to recover unpaid overtime compensation, liquidated damages, and attorney's fees and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. On March 15, 2010, Tod Pendergrass, a private process server, completed service on both Defendants by certified mail,[1] return receipt requested. Barry Lopez acknowledges getting the Complaint on March 15, 2010,[2] and on April 15, 2010, he faxed the Complaint to his attorney. After learning that service was made by mail, Lopez's attorney advised him to wait for personal service before responding. Defendants thus failed to answer or otherwise respond to Willis's Complaint, and a default judgment was taken.

On April 22, 2010, the clerk issued an entry of default. On June 24, 2010, Plaintiff filed a motion for default judgment, which was granted on July 15, 2010. Plaintiff was awarded

---

[1] All parties appear confused about whether Defendants were served by registered or certified mail. Pendergrass, however, states in his return of service of process that he served the summons and Complaint by certified mail. The analysis does not vary either way.

[2] Defs.' Mot. to Vacate, Lopez Decl.

$10,345.36 in overtime compensation, $10,345.36 in liquidated damages, $2,814.00 in attorney's fees, and $490.42 in costs.  On August 12, 2010, Defendants filed a motion to dismiss for insufficient service or in the alternative, to quash, for insufficient service of process [Docket Entry #13].  That relief was denied by this Court on August 20, 2010 [Docket Entry #14], since a judgment had already been entered.  Defendants now move, pursuant to Federal Rule of Civil Procedure 60(b), to vacate the Final Judgment entered in Plaintiff's favor.

## II.   LEGAL STANDARD

Rule 60(b) is a remedial provision, invoked to prevent injustice by allowing parties a right to be heard in court despite a technical error leading to default.[3]  A Rule 60(b)(4) motion allows a party to obtain relief from a final judgment, order, or proceeding if the underlying judgment is void.[4]  District courts have no discretion under Rule 60(b)(4), because the judgment is either void or is not.[5]  The grant or denial of a motion to vacate a default judgment under Rule 60(b)(1) and (6), in contrast, is within the court's equitable and discretionary powers.[6]  In exercising its discretion, the Court must balance policy that favors hearing a litigant's claim on the merits against the desire to achieve finality in litigation.[7]

## III.   ANALYSIS

### A. Rule 60(b)(4)

If a court lacks jurisdiction over the parties because of insufficient service of process, the

---

[3] *Greater Baton Rouge Golf Ass'n v. Recreation & Park Comm'n for Parish of E. Baton Rouge*, 507 F.2d 227, 228 (5th Cir. 1975).
[4] Fed. R. Civ. P. 60(b)(4).
[5] *Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998).  *See also* 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2862, at 324 (2d ed. 1995).
[6] *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985); *Bros Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594 (5th Cir. 1963).
[7] 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2857, at 255–57 (2d ed. 1995).

judgment is void, and the district court must set it aside pursuant to Rule 60(b)(4).[8] Under Federal Rule of Civil Procedure 4(e)(1), a plaintiff may effect service of process pursuant to the law of the state where the district is located. In Texas, service of process through certified mail, return receipt requested, is permitted under Texas Rules of Civil Procedure 103 and 106 if done by an authorized person.[9] Authorized persons include: "(1) any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court."[10]

Thus, for a private process server to make service by certified mail, authorization by law, a written court order, or certification by the Supreme Court is required.[11] Therefore, the issue before this Court is whether Pendergrass was an authorized person, the subject of an authorizing written court order, or was certified by the Supreme Court of Texas, to serve process by certified mail.

Coincidentally, another court in this circuit has already ruled on issues relating to

---

[8] *Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).
[9] Tex. R. Civ. P. 106.
[10] Tex. R. Civ. P. 103.
[11] *Mayfield v. Dean Witter Fin. Servs., Inc.*, 894 S.W.2d 502, 505 (Tex. App.—Austin 1995, writ denied). *But see Mori Seiki USA, Inc. v. McIntyre*, Civil Action No. 3:06-cv-2344-B, 2007 WL 2984658, at *1 (N.D. Tex. Oct. 12, 2007) (recognizing but not resolving confusion in the case law as to who is authorized to perform service by mail under Texas Rule of Civil Procedure 106(a)(2)). In *Delta Steamships Lines, Inc. v. Albano*, 768 F.2d 728 (5th Cir. 1985), the Fifth Circuit cited to Rule 106, which, before amendment, stated that an "*officer* authorized" under Rule 103 was permitted to serve by certified mail. Therefore, that court held that only certain officers authorized and defined under Rule 103, not a private process server, could serve via certified mail. *Id.* at 730. *See also Kleppinger v. Assocs. Corp. of N. Am.*, No. 3:99-cv-1662-L, 2003 WL 22329032, at *2 (N.D. Tex. Oct. 6, 2003) (quoting Rule 106 for the proposition that an "officer authorized by Rule 103" may serve by certified mail). Rule 106, however, now states that "any person" authorized under Rule 103 may serve by certified mail. Further, Rule 103 was purposefully amended to include other persons who could effect service, such as those certified by the Supreme Court. *See* Tex. R. Civ. P. 103 cmt. 2005 ("The rule is amended to include among the persons authorized to effect service those who meet certification requirements promulgated by the Supreme Court and to prohibit private individuals from serving certain types of process unless, in rare circumstances, a court authorizes an individual to do so."). Therefore, the Fifth Circuit's narrow holding in *Delta Steamships Lines* and the opinion in *Kleppinger* on who could serve via certified mail do not apply here.

Pendergrass. In *Isais v. Marmion Industries Corp.*,[12] the court held service by Pendergrass improper, because his return did not state that he was authorized by law, court order or Supreme Court certification to serve the defendants, and, in response to a motion to dismiss for insufficient service of process, plaintiff did not produce evidence that Pendergrass was a person authorized under Rule 103 to serve process upon the defendants.[13] Similarly, here the return of service by Pendergrass merely states that "service of the Summons . . . was caused to be made by [Pendergrass], a private process server" without mention of whether he was authorized by the appropriate court to serve the Defendants via certified mail.[14] However, in contrast to *Isais*, here, Plaintiff filed Pendergrass's affidavit in connection to the pending motion. The affidavit confirms that at the time of service, Pendergrass was certified by the Supreme Court as a process server.[15] Based on the affidavit, the Court concludes service of process was proper, and that the judgment thus was not void, so the Court will not set aside the default judgment under Rule 60(b)(4).

### B. Rule 60(b)(1)

Rule 60(b)(1) provides relief from a default judgment that results from "mistake, inadvertence, surprise, or excusable neglect," and "is understood to encompass situations in which the movant's failure to respond is attributable to his own negligence."[16] Rule 60(b)(1) is to be liberally construed to ensure that doubtful cases are resolved on the merits.[17] The Fifth Circuit has directed a district court to consider three factors in determining whether sufficient

---

[12] Civil Action No. H-09-3197, 2010 WL 723773 (S.D. Tex. Feb. 24, 2010).
[13] *Id.* at *3.
[14] Summons Returned Executed, ECF Nos. 4 & 5.
[15] Pl.'s Resp. to Mot. to Vacate, Pendergrass Aff. *See also Gilliam v. Cnty. of Tarrant*, 94 Fed. App'x 230, 231 (5th Cir. 2004) ("The record provides no indication that any person authorized by Texas law to serve process was involved in [Plaintiff's] purported service via certified mail.").
[16] *Fine v. Evergreen Aviation Ground Logistics Enter., Inc.*, No. 2:07-CV-165, 2009 WL 793753, at *2 (E.D. Tex. Mar. 20, 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993)).
[17] *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 938 (5th Cir. 1999) (citing *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1459 (5th Cir. 1992)).

grounds exist for setting aside a default judgment under Rule 60(b)(1): (1) the merits of the defendant's asserted defense, (2) the extent of prejudice to the plaintiff, and (3) the culpability of the defendant's conduct.[18] A district court may consider other factors.[19]

### 1. Merits of Defense

Defendants must present some factual basis, and not mere conclusory statements, to show a meritorious defense.[20] The defense is measured not by whether there is likelihood that it will succeed, but whether the evidence submitted, if proven at trial, would constitute a complete defense.[21] Here, Defendants allege in their Motion to Vacate that Plaintiff did not work the overtime hours he is claiming and that, in fact, Plaintiff was merely "on call" during the time alleged to be paid, which Defendants claim does not establish a basis for overtime.[22] In his declaration, however, Lopez nowhere disputes that Plaintiff worked the overtime claimed. Lopez merely states that when Plaintiff was "on call," he was "free to do as he wished when he was not actually on a tow call."[23] Defendants seemingly base their defense on Plaintiff's Complaint and declaration, which, according to Defendants, "appears" to include time he was "on call" in his overtime calculation. Plaintiff's Complaint and declaration do not show the inclusion of such hours. In fact, Defendants present no evidence that Plaintiff received a judgment for overtime hours he did not work. Without that, no meritorious defense has been presented.

---

[18] *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008). These factors are not "talismanic." *See CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).
[19] *See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (district court abused its discretion by failing to consider defendant's affirmative defense in denying its motion for relief from judgment).
[20] *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969) (stating that a defendant must make a "clear and specific showing . . . by [a] definite recitation of facts" that the defendant has a valid defense).
[21] *Jenkens & Gilchrist*, 542 F.3d at 122 (citing 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 2697 (1998) ("The underlying concern is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.")).
[22] Defs.' Mot. to Vacate 7.
[23] Defs.' Mot. to Vacate, Lopez Decl. ¶ 6.

### 2. Prejudice to Plaintiff

Plaintiff alleges no special prejudice that may result from further delay in proceeding on the merits of this case. Therefore, this factor weighs in favor of Defendants, as a grant of relief from judgment would merely require Plaintiff to proceed to trial on his claims against Defendants, as in any other lawsuit.[24] The mere possibility of prejudice from delay is inherent in every case and therefore insufficient by itself to result in denial of a Rule 60(b)(1) motion.[25]

### 3. Culpability of Defendants' Conduct

When determining culpability, the Fifth Circuit instructs district courts to apply an "excusable neglect" standard,[26] which is satisfied if the movant's failure to respond is attributable to his own negligence, and not to gross carelessness, ignorance of the rules, or ignorance of the law.[27] Neglect of a party's attorney may be treated as neglect of the party.[28] A mistake of law or counsel's lack of familiarity with rules or procedure rarely constitutes excusable neglect.[29]

---

[24] *Warfield v. Byron*, 436 F.3d 551, 556 (5th Cir. 2006).
[25] *Hibernia*, 776 F.2d at 1280.
[26] *CJC Holdings, Inc.*, 979 F.2d at 64 (instructing district courts to apply an "excusable neglect" standard, not a willfulness standard).
[27] *Pioneer Inv. Servs. Co.*, 507 U.S. at 392–94 (discussing "excusable neglect" under Rule 60(b)(1) in bankruptcy context).
[28] *Link v. Wabash R.R.*, 370 U.S. 626, 633–34 (1962). Negligence by an attorney may satisfy excusable neglect, but not always. *Pioneer Inv. Servs. Co.*, 507 U.S. at 397 ("the proper focus is upon whether the neglect of respondents *and their counsel* was excusable" (emphasis in original)). Defendants cite other circuit opinions for the proposition that they should not be held accountable for their attorney's mistake. For instance, in the Rule 60(b)(6) context, other circuits have held that an unknowing client should not be held liable on the basis of a default judgment resulting from an attorney's grossly negligent conduct. *See Community Dental Servs. v. Tani*, 282 F.3d 1164, 1169 (9th Cir. 2002) (agreeing with Third, Sixth and Federal Circuits) (citing *Bougher v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 978 (3d Cir. 1978); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 195 (6th Cir. 1986); *L.P. Steuart, Inc. v. Matthews*, 329 F.2d 234, 235 (D.C. Cir. 1964)). The Fourth Circuit also held that "[w]hen a party is blameless and the attorney is at fault, the former interest controls and a default judgment should ordinarily be set aside." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 811 (4th Cir. 1988). However, Defendants are not entirely blameless, and their attorney's conduct, alone, does not arise to gross negligence, assuming such analysis applies also to Rule 60(b)(1).
[29] *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998) ("Although . . . we left open the possibility that some misinterpretations of the federal rules may qualify as excusable neglect, such is the rare case indeed.").

Here, there is evidence of four mistakes in Defendants' failure to respond to Plaintiff's Complaint: (1) Defendants, residents of Texas, told their attorney, who practiced in Texas, that they were served by mail; (2) their attorney did not inquire whether service was by registered or certified mail; (3) their attorney did not request a copy of the summons, showing how service was effectuated; and (4) their attorney informed Defendants that they should wait for personal service, obviously concluding incorrectly that proper service could not be achieved by mail. Defendants do not contest that they received the Complaint and summons by mail. Further, there is no evidence that Defendants' attorney based her advice to wait for personal service on purported confusion in case law regarding service by certified mail or on the analysis of Pendergrass's status in *Isais*.[30]

Defendants' conduct in failing to respond to the Complaint was grossly careless and reflected ignorance of the rules and the law. Modest research would have revealed the propriety of service by mail. These facts weigh heavily against Defendants in the Rule 60(b)(1) analysis.[31]

---

[30] This Court notes that one case in this circuit found the law confused on whether a private process server may serve by registered or certified mail under the Texas rules. *See Mori Seiki USA*, 2007 WL 2984658, at *1 (recognizing some conflict in the case law as to who is authorized to perform service by mail under Texas Rule of Civil Procedure 106(a)(2)). This Court, however, concludes that a private process server, like Pendergrass, may service process for a federal case in Texas if authorized by court or law or certified by the Supreme Court of Texas. *See supra* note 11 and accompanying text.

[31] In evaluating Rule 60(b)(1) relief from a default, the Court may also consider other factors, such as whether a party acted in bad faith, the length of delay, the amount of money involved, and other public interest factors. *See, e.g.*, *Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008); *Fine v. Evergreen Aviation Ground Logistics Enter., Inc.*, 2009 WL 793753, at *4. Here, two factors weigh in favor of Defendants: (1) there is no indication of bad faith by Defendants by not filing an answer; and (2) Defendants moved to vacate default judgment allegedly after learning of the order granting default judgment. The amount in controversy, however, is relatively low. *Compare Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir. 1981) ($250,000) *and Fine v. Evergreen Aviation Ground Logistics Enter., Inc.*, 2009 WL 793753, at *4 ($1,750,000). Nonetheless, countervailing public policy argues for sustaining the default—confusion over the law in failing to adhere to the federal or state rules should not constitute excusable neglect. *See Halicki*, 151 F.3d at 470 (when attorney failed to meet a deadline, found no excusable neglect because "almost every . . . lawyer would plead his own inability to understand the law when he fails to comply with a deadline.") (quoting *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997)).

### C. Rule 60(b)(6)

A Rule 60(b)(6) motion allows the Court to set aside a final judgment, order, or proceeding for any other reason that justifies relief. To justify relief under subsection (6), a party must show "extraordinary circumstances" suggesting that the party is faultless in the delay.[32] This Court has already determined that Defendants, directly and through their representative, were not faultless,[33] and therefore, the default judgment should not be set aside pursuant to Rule 60(b)(6).

### IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Vacate Default Judgment is **DENIED**.

**SO ORDERED.**

December 1, 2010.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[32] *Pioneer Inv. Servs. Co.*, 507 U.S. at 393.
[33] *See supra* Part III.B.3.